UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINE F. MYLES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JACOB J. LEW,<br><br>　　　　　Defendant. | Case No.16-cv-00239-JST<br><br>**ORDER APPROVING SETTLEMENT AGREEMENT**<br><br>Re: ECF No. 34 |

　　　　The parties recently filed a stipulated settlement agreement to resolve Plaintiff's claims under Title VII of the Civil Rights Act and the Equal Pay Act of 1963. See ECF No. 34. On April 14, 2017, the Court ordered the parties to file to file a joint motion for approval of their settlement agreement. ECF No. 35. As the Court noted in that order, settlement agreements involving claims under the Equal Pay Act, which is part of the Fair Labor Standards Act (FLSA), require "approval of either the Secretary of Labor or a district court." Seminiano v. Xyris Enter., Inc., 602 F. App'x 682, 683 (9th Cir. 2015) (citing Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1306 (11th Cir. 2013)). Before granting approval, a district court must scrutinize the agreement for fairness. Kaiaokamalie v. Matson Terminals, Inc., No. CV 13-00383 JMS-RLP, 2016 WL 7476336, at *6 (D. Haw. Dec. 29, 2016) (quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1353 (11th Cir. 1982)).

　　　　Although the Ninth Circuit has not "established any particular criteria" to determine the fairness of a proposed settlement under the FLSA, "[d]istrict courts within this circuit [] have looked to the Eleventh Circuit's opinion in Lynn's Food Stores . . ." Gamble v. Boyd Gaming Corp., No. 213CV01009JCMPAL, 2017 WL 721244, at *4 (D. Nev. Feb. 23, 2017) (citing cases).

Relevant factors to consider include the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the reaction of the plaintiffs to the proposed settlement; the risk of fraud or collusion; and the public interest in settlement. Kaiaokamalie, 2016 WL at *6 (citing Almodova v. City and County of Honolulu, 2012 WL 3255140 at *3 (D. Haw. Aug. 8, 2012)).

The parties filed their motion on April 28, 2017. ECF No. 36. Having reviewed the parties' joint Motion for Approval of Settlement, declarations, and exhibits, the Court finds that the parties' proposed settlement agreement satisfies each of the Lynn's Food Stores criteria and is a reasonable compromise of the disputed issues in the case.

Pursuant to the settlement agreement, Plaintiff will receive a retroactive promotion, $90,000 (including back pay and attorneys' fees), and retirement. This settlement appears fair because Plaintiff's main goal in bringing this litigation was to obtain a promotion and retire after 36 years of working for the U.S. Mint. Plaintiff's case suffers from some weaknesses: the Court previously ruled that she could not pursue some of her claims based on a failure to exhaust her administrative remedies, and she has failed to identify a substantially similar male comparator. Further litigation would be costly because it would require depositions and possibly experts. The Plaintiff set the settlement terms after taking part in a full day of mediation with a court-appointed neutral, and she then took three months to make sure that she was ready to resolve her case and retire from the Mint. In light of the above considerations, the agreement is a reasonable compromise.

The Court approves the parties' settlement agreement.

**IT IS SO ORDERED.**

Dated: May 10, 2017

_____
JON S. TIGAR
United States District Judge